Filed 9/19/25  Asbury v. Bowers CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DENNIS ASBURY et al., | |
| Plaintiffs and Respondents, | G064728 |
| v. | (Super. Ct. No. 30-2022-01254658) |
| TED BOWERS et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Thomas S. McConville, Judge. Affirmed.

Bohm Wildish & Matsen, Daniel R. Wildish and Charles H. Smith for Defendants and Appellants.

Ford & Diulio, Kristopher P. Diulio, Brendan M. Ford and Eduardo Dominguez for Plaintiffs and Respondents.

Defendants Ted and Celeste Bowers challenge the trial court's denial of their motion for attorney fees under Civil Code section 5975.[1] The Bowerses contend the court erred by concluding they were not prevailing parties, claiming that plaintiffs achieved none of their litigation goals.

We conclude the trial court did not abuse its discretion. It reasonably found that plaintiffs—the Bowerses' neighbors—accomplished a central goal before their voluntary dismissal: getting the homeowners' association to enforce the CC&Rs.[2] We therefore affirm the court's order.

## FACTS

Plaintiffs and the Bowerses were all homeowners in a residential community managed by an HOA. The Bowerses sought the HOA's approval for an expansion of their residence, including the construction of an almost 1,100 square-foot "garage and workshop." The HOA's architectural committee initially denied the application. But when the Bowerses appealed the decision, the HOA's board approved the project, on the condition that the garage would not be used for commercial purposes.

Plaintiffs filed this action in 2022 against the HOA and three of its board members (the HOA defendants) and the Bowerses, seeking declaratory and injunctive relief. They alleged that the Bowerses planned to use the garage and workshop for commercial purposes: (1) to restore antique automobiles and (2) as a museum for antique automobiles. They claimed this violated the community's CC&Rs, which barred the use of a lot for commercial, storage, or other non-residential purposes.

---

[1] Undesignated statutory references are to the Civil Code.

[2] Plaintiffs are Dennis Asbury, Samuel Davis, John Issa, Wendy Rivera, Barbara Swanson, and Anthony Swanson.

According to plaintiffs, the HOA board's non-commerce condition was "illusory"—the HOA defendants "[could] not be trusted to enforce the CC&Rs" because they had failed to act on multiple reports of prior violations by the Bowerses. The complaint listed multiple examples of the Bowerses' alleged violations, including "very loud noises resulting from repairing [a] vehicle in the[ir] garage." Plaintiffs claimed the HOA defendants' failure to respond to these violations and their approval of the project constituted a breach of their fiduciary duty.

Plaintiffs sought "a permanent injunction compelling [the HOA] to enforce the CC&Rs" and enjoining the Bowerses from constructing "the commercial garage and workshop."[3] The trial court later denied plaintiffs' motion for a preliminary injunction.

All defendant board members left office while this action was pending. One of them lost reelection, and plaintiffs dismissed her from the case. The plaintiffs reached settlement agreements with the remaining HOA defendants. The remaining defendant board members resigned and plaintiffs dismissed them and the HOA from the case, leaving only the Bowerses as defendants.

The HOA's new board then sent the Bowerses a cease-and-desist letter. The letter stated that their construction was "in violation" because it did not match the approved plans. It requested additional documentation and instructed the Bowerses to stop any work requiring architectural approval until they received approval. A few months later, plaintiffs voluntarily dismissed this action.

---

[3] Barbara Swanson voluntarily dismissed her claims a few months after filing the complaint. Because her dismissal is immaterial to our analysis, we do not address it further.

The Bowerses moved for attorney fees under section 5975, subdivision (c), claiming they were the prevailing parties. Plaintiffs opposed the motion, asserting they had achieved their litigation goals by removing the offending HOA board members and compelling the HOA to enforce the CC&Rs against the Bowerses' project. In reply, the Bowerses contended that plaintiffs achieved nothing against them, claiming that the construction had now been completed with all necessary approvals.

The trial court denied the motion for attorney fees, concluding the Bowerses were not prevailing parties. The court found that plaintiffs had dismissed their complaint only after they achieved their goal: "gaining compliance with the governing CC&Rs to ensure that the . . . proposed remodel had been properly vetted and approved by the HOA." It noted that after plaintiffs succeeded in replacing the HOA's board members, the new board found the project violated the CC&Rs and demanded compliance. The court observed that the Bowerses "failed to present any evidence . . . that [p]laintiffs dismissed the complaint based upon the probability that the Bowers[es] . . . would succeed on the merits" or that the Bowerses were "ready to defend on the merits."

DISCUSSION

The trial court did not abuse its discretion by denying the Bowerses' motion for attorney fees. In an action to enforce an HOA's governing documents, the prevailing party is entitled to reasonable attorney fees and costs. (§ 5975, subd. (c).) A prevailing party is one who "prevailed on a practical level by achieving its main litigation objectives." (*Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 773.) In determining those objectives, the court may consider the pleadings, trial briefs, and similar sources. (*Id.* at p. 774.) The moving party has the burden

4

of proving its entitlement to fees. (Cf. *Bui v. Nguyen* (2014) 230 Cal.App.4th 1357, 1365 [fees under section 1021.5].)

A plaintiff's voluntary dismissal of the action does not automatically make the defendant a prevailing party. Courts still consider the practical realities surrounding the litigation. (E.g., *Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 594 (*Champir*); *Salehi v. Surfside III Condominium Owners Assn.* (2011) 200 Cal.App.4th 1146, 1153–1155.) In *Champir*, for example, the court found that the defendant HOA was not the prevailing party—despite the plaintiffs' voluntarily dismissal—because the plaintiffs had achieved their goal of compelling the HOA to comply with the CC&Rs before installing a traffic light. (*Id.* at pp. 593–594.)

We review the trial court's prevailing party determination for abuse of discretion. (*Champir, supra*, 66 Cal.App.5th at p. 593.) We review factual findings for substantial evidence and "'do not substitute our judgment for that of the trial court when more than one inference can be reasonably deduced from the facts.'" (*Ibid.*)

Here, the trial court reasonably determined the Bowerses were not prevailing parties because plaintiffs had achieved a primary litigation objective. The record supports the court's conclusion that plaintiffs sought to compel the HOA to enforce the CC&Rs as to the Bowerses' project. In their complaint, plaintiffs alleged that the HOA "[could not] be trusted to enforce the CC&Rs" because it had failed to address prior violations by the Bowerses. They claimed those failures constituted a breach of the HOA defendants' fiduciary duty and sought "a permanent injunction compelling [the HOA] to enforce the CC&Rs." The court reasonably determined this was a primary goal for plaintiffs.

The record also supports the trial court's finding that plaintiffs had achieved this goal. Whereas the complaint alleged the HOA's prior board turned a blind eye to the Bowerses' violations, the new board—installed due to this litigation—issued a cease-and-desist letter, showing that the HOA was now seriously enforcing the CC&Rs.

We reject the Bowerses' contention that "[p]laintiffs achieved *none* of their litigation goals against the Bowers[es]" because they failed to "stop the subject construction." Plaintiffs never set out to stop all construction; they sought to stop the construction of a "commercial garage and workshop" and prevent other non-residential purposes. It is reasonable to infer that they succeeded: the HOA started enforcing the CC&Rs and the CC&Rs prohibited the challenged uses. The Bowerses do not contend they are now able to use the garage for commercial or other non-residential purposes.

Even if plaintiffs privately hoped to halt construction altogether, falling short of that ideal outcome would not mean the Bowerses prevailed. Litigation is not an all-or-nothing affair. A plaintiff who achieves a central objective can deprive the defendant of prevailing party status—even if some aspirations remain unrealized. (See *Ritter & Ritter, Inc. Pension & Profit Plan v. The Churchill Condominium Assn.* (2008) 166 Cal.App.4th 103, 127 [plaintiffs were prevailing parties, despite not achieving "litigation 'dream'"].) A litigant need not destroy their adversary to prevail.

We also disagree with the Bowerses' reading of the trial court's order. The court did not hold that a dismissed defendant can obtain fees only by showing trial readiness or likely success on the merits. It merely noted arguable ways in which the Bowerses might have rebutted the evidence that plaintiffs had achieved meaningful success. The record reveals no compelling alternate explanation for the dismissal other than plaintiffs' satisfaction with

6

a newly installed board that took enforcement of the CC&Rs against the Bowerses seriously.[4]

DISPOSITION

The trial court's order is affirmed. Plaintiffs are awarded costs on appeal.


SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

---

[4] The trial court was not compelled to accept the Bowerses' speculation that "it could be" that plaintiffs dismissed their action to avoid their impending depositions. Nor would that possibility negate the evidence of plaintiffs' success.

7